DELTA ETA CORPORATION, Plaintiff Below-Appellant,
v.
UNIVERSITY OF DELAWARE, Below-Appellee.
No. 605, 2009
Supreme Court of Delaware.
Submitted: November 16, 2009
Decided: November 17, 2009
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
Jack B. Jacobs, Justice
This 17th day of November, it appears to the Court that:
(1) The plaintiff-appellant, Delta Eta Corporation, has moved to dismiss its own appeal as well as the cross-appeal of the defendant-appellee, the University of Delaware, on the ground that both the appeal and cross-appeal are interlocutory under Supreme Court Rule 42. The University argues that both the appeal and the cross-appeal are properly filed and should not be dismissed. We conclude that the appeal and cross-appeal are interlocutory and, therefore, must be dismissed, albeit on grounds different from those advanced by Delta Eta.[1]
(2) The Superior Court docket reflects the following: On April 24, 2007, Delta Eta filed a breach of contract action against the University. Following discovery, Delta Eta moved for summary judgment, which the Superior Court granted on October 31, 2008. On September 11, 2009, the Superior Court issued a separate decision regarding the amount of pre-judgment interest owed by the University. On September 21, 2009, Delta Eta filed a motion for clarification regarding the date when pre-judgment interest begins to run and, on September 29, 2009, the University filed an answer to Delta Eta's motion. The Superior Court did not rule on Delta Eta's motion before the filing of the parties' appeals to this Court on October 15, 2009. The motion and the response remain pending.
(3) Because Delta Eta's motion for clarification and the University's response thereto remain pending before the Superior Court, the parties' appeals are interlocutory.[2] Therefore, because the requirements of Rule 42 have not been met, this appeal must be dismissed.[3] In the event that Delta Eta or the University files a notice of appeal from a final judgment of the Superior Court in this matter, the filing fees in any such appeal are waived.
NOW, THEREFORE, IT IS ORDERED that the within appeal and cross-appeal are DISMISSED pursuant to Supreme Court Rules 29(b) and 42.
NOTES
[1] Delta Eta argues that the Superior Court's orders are not "final" until the ministerial act of entering the amount of the judgment on the Superior Court judgment docket has been completed.
[2] Stroud v. Milliken Enterprises, Inc., 552 A.2d 476, 480, 482 (Del. 1989).
[3] Id. at 482.