IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PATRICK SWIER, M.D. and PATRICK SWIER, M.D., P.A., | § § § | No. 77, 2016 |
| Defendants Below, Appellants, | § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | C.A. No. S12C-07-004 |
| PATRICIA A. McLEOD, | § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: March 11, 2016
Decided: May 17, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 17th day of May 2016, it appears to the Court that:

(1) In this appeal from the Superior Court's denial of a motion for new trial in a medical malpractice case, the Clerk issued a notice directing the defendants/appellants to show cause why the appeal should not be dismissed as premature because, at the time the appeal was filed, the Superior Court had not yet ruled on the plaintiff/appellee's motion for costs. For the reasons below, the Court concludes that the appeal should be dismissed as interlocutory.

(2) Following the jury verdict for the plaintiff/appellee, Patricia A. McLeod ("McLeod"), McLeod filed a timely "Bill of Costs" (hereinafter "motion

for costs") seeking an award of expert witness fees in the amount of $26,899.74, court costs of $1,132.00, pre-judgment interest in the amount of $923,324.04, and post-judgment interest at the legal rate of 5.75 percent. After McLeod filed the motion for costs, the defendants/appellants, Patrick Swier, M.D. and Patrick Swier, M.D., P.A. ("Swier"), filed a timely motion for new trial. Swier filed this appeal from the Superior Court's denial of the motion for new trial. At the time the appeal was filed, McLeod's motion for costs was still pending in the Superior Court.

(3)     After the appeal was filed, the Clerk issued a notice directing Swier to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when filing an appeal from an apparent interlocutory order. Absent compliance with Rule 42, this Court has no jurisdiction to consider an interlocutory appeal.[1]

(4)     In response to the notice to show cause, Swier contends that the Superior Court's opinion denying the motion for new trial is final and appealable, and that McLeod's motion for costs did not affect the finality of that judgment. In answer to Swier's response, McLeod contends that the $923,324.04 in pre-judgment interest she is entitled to in this case is an essential component of the final judgment, and that the undecided motion for costs renders the current judgment interlocutory.

---

[1] *Julian v. State*, 440 A.2d 990 (Del. 1982).

(5)     Having carefully considered the parties' positions and the Superior Court record, the Court concludes that the appeal is interlocutory. The Superior Court's action on the pending motion for costs will require an exercise of judicial discretion in deciding whether, and in what amount, to award pre-judgment interest to McLeod.

(6)     A judgment is final for purposes of appeal when it disposes of all justiciable matters.[2]  In this case, the Superior Court's opinion denying Swier's motion for new trial was not the final judgment because it did not rule on McLeod's pending motion for costs.[3]

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED under Supreme Court Rules 29(b) and 42. The filing fee paid in conjunction with the appeal shall be transferred to any later appeal filed by Swier from the Superior Court's final judgment.

BY THE COURT:

_____
Justice

---

[2] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

[3] *See Delta Eta Corp. v. University of Delaware*, 2009 WL 3842040 (Del. Nov. 17, 2009) (citing *Stroud v. Milliken Enterprises, Inc.*, 552 A.2d 476, 480, 482 (Del. 1989)).

3